UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER PRATTS,

                         Plaintiff,

             v.

ELMUSTAFA TARIG MOHAMED, et al.,

                         Defendants.

22 Civ. 6231 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

In the above-captioned matter, Jennifer Pratts ("Plaintiff") is claiming personal injuries as a result of a motor vehicle accident with a commercial truck on October 29, 2021, due to defendants' negligence.  *See* ECF No. 1-1 ¶¶ 23, 45.  Elmustafa Tarig Mohamed, Red Sea Trucking LLC, and Arwa Trans LLC (collectively "Defendants") deny liability for causing this motor vehicle accident.  *See* ECF No. 15.  This matter was removed to the United States District Court, Southern District of New York, on July 22, 2022.  *See* ECF No. 1.

Before the Court is the Defendants' motion in limine, which seeks to preclude portions of the proposed testimony of Plaintiff's expert, Joseph Weinstein, D.O.  *See* Defs.' Mot., ECF No. 55-5.  On July 3, 2024, Plaintiff filed an opposition to Defendants' motion.  *See* Pl.'s Opp'n, ECF No. 59.  Also before the Court is Defendants' motion to submit exhibits in hard copy format.  *See* ECF. No. 56.  For the reasons discussed below, Defendants' motions are **DENIED.**

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine."  *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (internal citation omitted).

Defendants seek to preclude Mr. Weinstein from testifying about the "contents of the reports and opinions of other medical providers, who will not testify at trial." Defs.' Mot. 4. Relying on New York state law, Defendants argue that "expert opinion evidence must be based upon facts personally know to the witness, or within the record or fairly inferable from the record before the Court." *Id.* at 3 (citing *Hambsch v. New York City Tr. Auth.*, 63 N.Y.2d 723 (1984)).

Both parties rely on New York state legal rules of evidence. The parties "overlook[] the fact that this action has been brought in Federal Court, and thus federal procedural and evidentiary apply here." *Williams v. Elzy*, No. 00 Civ. 5382, 2003 WL 22208349, at *5 (S.D.N.Y. Sept. 23, 2003). *See also Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Nasrallah v. Helio De*, No. 96 Civ. 8727, 1998 WL 152568, at *3, 7 n.4 (S.D.N.Y. Apr. 2, 1998) (Sotomayor, J.); *Rand v. Volvo Finance N. Amer., Inc.*, No. 04 Civ. 0349, 2007 WL 1351751, at *13 (E.D.N.Y. May 8, 2007) (collecting cases); *Perpall v. Pavetek Corp.*, No. 12 Civ. 0336, 2017 WL 1155764, at *7 (E.D.N.Y. Mar. 27, 2017).

An argument similar to Defendants' in this case was made before, and rejected by, then-District Judge Sotomayor in *Nasrallah v. Helio De*. As then-Judge Sotomayor explained, under Rule 703 of the Federal Rules of Evidence, expert testimony may be based on facts "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject," and these facts "do not need to be admissible in evidence." *Nasrallah*, 1998 WL 152568, at *7. Thus, "[a]n expert may rely . . . on hearsay if it is common in his field to do so . . . . Certainly it is common for treating physicians to rely on the interpretive reports of radiologists in making diagnoses without viewing the underlying scans themselves or requiring the radiologists to file affidavits." *Id*.

Accordingly, Defendants' motion is **DENIED**.

2

* * *

Finally, Defendants also filed a letter-motion, seeking leave to file exhibits in hard copy as opposed to electronic copy.  *See* ECF No. 56.  Defendants have not explained why hard copies of the Lenox Hill Radiology studies and Kolb radiology studies cannot be reproduced electronically (e.g., as PDFs), and produced to the Court in such a format.  Thus, Defendants' request, ECF No. 56, is **DENIED.**

The Clerk of Court is respectfully directed to close ECF No. 56.


SO ORDERED.

Dated: July 18, 2024
   New York, New York

           DALE E. HO
         United States District Judge